# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHRISTINA MARIE SEAWELL,** individually and on behalf of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> **KONZA PRAIRIE PIZZA, INC. d/b/a DOMINO'S PIZZA**, and **JEFFREY MADDOX**, <br><br> Defendants. | Case No. 2:20-cv-02130-JAR-KGG |

## ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement Agreement ("Motion for Final Approval") (Doc. 37). Having carefully considered Plaintiff's Motion for Final Approval, the undersigned will grant the Motion for Final Approval.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Final Approval is **GRANTED** and the Court hereby:

(1) finally certifies the collective action pursuant to Section 216(b) of the FLSA and the class action pursuant to Federal Rule of Civil Procedure 23 for settlement purposes only, identified as:

*All delivery drivers who worked for Defendants from July 21, 2017, through February 24, 2022*

(2) grants final approval of the Agreement and adjudging its terms to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

(3)   finds that:

   a.   The requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and a class action is an appropriate method for resolving the disputes in this litigation;

   b.   The Class Members are ascertainable and too numerous to be joined. For purposes of settlement, there are questions of law and fact common to all Class Members, these issues predominate over individual issues, and should be determined in one proceeding with respect to all Class Members;

   c.   This class action is appropriate and the superior mechanism for adjudicating and resolving this action;

   d.   The settlement is a reasonable compromise of a bona fide dispute of the claims and defenses in this matter and, there is nothing in the record to suggest that the settlement would otherwise frustrate the implementation of the FLSA;

(4) approves distribution of the Net Settlement Fund, as defined in the Agreement, to the Participating Class Members, as a fair compromise of highly contested claims, that will provide the Settlement Class members with adequate compensation for their claims in this case given the contested nature of the claims,

complexity of issues involved, assurance of relief for the Class Members, and benefit of obtaining such relief in light of the costs, risks, and delay of trial and appeal;

(5) approves a service award payment in the amount specified in the Agreement to Named Plaintiff Seawell for providing valuable insight to Class Counsel throughout the case, which resulted in substantial payments to the class;

(6) approves payment of the actual costs of the Settlement Claims in the amount specified in the attached Declaration of Jeffrey D. Johnson;

(7) approves attorneys' fees and costs to Collective Counsel in an amount not to exceed one-third of the Total Settlement Fund, which is reasonable under a percentage-of-fund or lodestar/multiplier approach;

(8) permanently enjoins all Settlement Class Members (other than those who filed timely and valid Exclusion Letters) from prosecuting against Defendants and the Released Parties (as defined in the Agreement) any and all of the Settlement Class Members' Released Claims (as defined in the Agreement);

(9) permanently enjoins the Class Representative from prosecuting against Defendants and the Released Parties any and all of the Class Representative's Released Claims (as defined in the Agreement); and

(10)    enters a judgment dismissing this case with prejudice in accordance with the terms of the Agreement.

Dated this the 14th day of July, 2022.

                                          s/ Julie A. Robinson
                                          UNITED STATES DISTRICT JUDGE